```
                                              FILED
      UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF COLUMBIA             DEC -3 2019
                                          Clerk, U.S. District and
                                          Bankruptcy Courts
```

MOUSEN Y. ADEN, )
)
      Plaintiff, )
)
v. ) Civil Action No. 1:19-cv-03328 (UNA)
)
)
U.S. CONGRESS, )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's "declaration of sovereign authority," and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and fails to establish subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not

1

comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

Plaintiff, a prisoner designated to West Tennessee State Prison, indicates that pursuant to biblical tenets, he is a "messiah." He goes on to "proclaim that [he is] entitled to exercise President Power . . . over the Entire Planet." He requests that this court "make [him] king or emancipate [him]." The complaint fails to meet the minimum pleading standard set forth in Rule 8(a). The rambling and non-sensical allegations comprising the complaint fail to provide adequate notice of a claim. The causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this court's jurisdiction, or a valid basis for an award of damages. In fact, it is unclear what damages plaintiff actually seeks.

Plaintiff has also failed to plead facts to establish his standing to sue, and "the defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III"). Federal courts only have subject matter jurisdiction if there is a "Case" or "Controvers[y]" to be decided, U.S. Const. Art. III, § 2, and in the absence of any actual or threatened injury, no such case or controversy exists. The alleged "injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149–50 (2010)). The injury must be "fairly traceable" to the defendants' conduct and "not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (citation, internal quotation marks and internal

alterations omitted). Plaintiff has not alleged any injury. Further, any connection between the named defendant and plaintiff's intended claims is entirely ambiguous.

For all of the above reasons, this case will be dismissed. A separate order accompanies this memorandum opinion.

Date: November 27, 2019

United States District Judge